IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY CARR                                                                                         PLAINTIFF

VS.                                                              CIVIL ACTION NO.4:04-CV-189-P-D

CHARLES THOMAS, ET AL                                      DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff filed suit against the defendants asserting that they failed to follow the disciplinary procedures of the Mississippi Department of Corrections in the Administrative Remedy following the plaintiff being found guilty of an RVR for disturbing the facility in the fall of 2003. Process was issued to two of the original named defendants following the Spears hearing and other defendants dismissed.

Plaintiff then filed his Motion for Injunction(Doc. 27). He alleges retaliatory transfers. He alleges an inmate was paid to physically attack him in November 2004 at the Tallahatchie County Correctional Facility, also in retaliation for his litigation. He alleges procedural and other irregularities in connection with the RVR received at TCCF for fighting with the other inmate. He complains that he was transferred to 32 B building to cover up civil and criminal violations. He complains that he is presently housed in Unit 32, part III and has yard call only in restraints, which keep him from exercising. He wants an injunction allowing him to have yard call without restraints so that he can exercise like he did when he was in Unit 32 B building, or that the MDOC be ordered to return him to Unit 32 B building. He wants an injunction to assure his health and welfare.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). The granting or denial of

a motion for injunctive relief rests in the sound discretion of the trial court. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. at 572. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting injunctive relief will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621. Based on the foregoing the undersigned finds that the plaintiff has failed to allege any "irreparable injury" and what he has alleged being required to take his yard call in restraints cannot amount to irreparable injury. Moreover, it is clear that Mississippi prisoners have no liberty or property interest in a particular classification. Harper v. Showers, 174 F.3d 716 (5th Cir., 1999). Accordingly, it is recommended that the motion be **denied**.

      The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this 20th day of April, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE