# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LARRY CARR, JR.,                                                  PLAINTIFF

V.                                                   NO. 4:04CV189-P-D

CHARLES THOMAS, ET AL,                                  DEFENDANTS

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) was held on December 2, 2004, by Magistrate Judge Jerry Davis in this *pro se* § 1983 complaint. Judge Davis then filed a Report and Recommendation (R&R) on December 14, 2004, recommending that defendant Lula Montgomery be dismissed from the case and that the case go forward as to the other defendants for allegedly failing to provide plaintiff due process at a disciplinary hearing. Judge Davis opined that there was no cause of action stated against Montgomery, in that she had simply written the rule violation report which was used as the basis of the disciplinary hearing and had not violated plaintiff's due process rights. A copy of the R&R was mailed to plaintiff at his last known address directing him to file any objections within 10 days. The mail was returned on December 17, 2004, as unclaimed.

The undersigned adopted and approved the R&R on January 28, 2005, noting that there had been no objection, and Montgomery was dismissed as a defendant. Before the court is a Motion to Alter or Amend Judgment filed by the plaintiff asking that the order dismissing Montgomery as a defendant be rescinded. Since the order was filed more than 10 days after judgment was entered, the court will treat it as a motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure. *See Lavespere v. Niagara Machine & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990), which directs that if the motion is served within 10 days of the judgment, the motion will be

construed under Rule 59(e) as a motion to alter or amend judgment; however, if it is served after that time, it will be construed under Rule 60(b).

Plaintiff states that he did not receive the R&R because he had been transferred by the Mississippi Department of Corrections, that had he received the R&R he would have filed objections, and asking that the court set aside the order dismissing Montgomery as a defendant. He then lists reasons why he believes that Montgomery is a viable defendant and should remain in the case.

The court has considered plaintiff's motion, the R&R, as well as the applicable law and is convinced that there is no basis for Ms. Montgomery to be a defendant and had the objection been filed before she was dismissed the court's ruling would still have been the same. Accordingly, the motion for relief from judgment (docket entry 28) is **denied**.

**SO ORDERED** this 18th day of July, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE